IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 12–cv–01430–WJM–KMT

SCOTT JANKOVIC,

    Plaintiff,

v.

EXELIS, INC., f/k/a ITT SYTEMS CORPORATION,

    Defendant.

---

## ORDER

---

This matter is before the court on "Defendant's Motion to Compel Discovery." (Doc. No. 34, filed Dec. 19, 2012.) Defendant seeks to compel responses to its First Set of Interrogatories and Requests for Production of Documents (hereinafter "Discovery Requests"). These requests were served on Plaintiff on October 26, 2012, making Plaintiff's responses to the Discovery Requests due no later than November 28, 2012. (Mot at 1, Ex. A.) In late November and early December Defendant's counsel and his paralegal attempted to contact Plaintiff via telephone and email, to no avail, to inquire as to the status of Plaintiff's overdue discovery responses. (Mot. at 1-2, Exs. B-D.) Nevertheless, Plaintiff has not submitted responses to Defendant's Discovery Requests.

Defendant also seeks to compel Plaintiff's cooperation in attempting to set his deposition. On November 5, 2012, Defendant's counsel emailed Plaintiff to request his assistance in setting his deposition. (Mot. at 3, Ex. E.) Again, Defendant has not received any response from Plaintiff.

Pursuant to D.C.COLO.LCivR 7.1A and Fed. R. Civ. P. 6(d), Plaintiff had until January 12, 2013 to file a response to Defendant's Motion to Compel. However, as noted in "Defendant's Notice Concerning a Lack of Response by Plaintiff *Pro Se* to Defendant's Motion to Compel Discovery" (Doc. No. 37, filed Jan. 23, 2013), Plaintiff did not file a response before, or at any time after, that date.

Federal Rule Civil Procedure 33(b)(2) requires that a party upon whom interrogatories are served shall serve its answers and objections within 30 days after the service of the interrogatories. Similarly, Federal Rule of Civil Procedure 34(b)(2) requires that a party upon whom requests for production are served must respond or object within 30 days after service of the requests for production. As discussed above, Plaintiff did not provide any responses or objections to Defendants' Discovery Requests within the 30 days permitted by the federal rules; did not file a motion for an extension of time to respond to Defendants' Discovery Requests; and has not explained or attempted to explain good cause for the delay in responding to the Discovery Requests. Moreover, Plaintiff has not responded to Defendants' Motion to Compel. The court therefore concludes and finds that Plaintiff does not object to the relief requested and confesses the motion.

It appears that Plaintiff has lost interest in his case and is committed to a course of failing to prosecute.

Federal Rule of Civil Procedure 37(a)(5) provides that if a motion to compel is

> granted the court must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees.

Having given Plaintiff an opportunity to respond to the Motion to Compel, and finding no substantial justification for Plaintiff's failure to response, *see* Fed. R. Civ. P. 37(a)(5)(ii), Defendant is awarded its costs and attorneys fees, against Plaintiff, incurred in pursuing the Motion to Compel.

Therefore, it is

**ORDERED** that "Defendant's Motion to Compel Discovery" (Doc. No. 34) is **GRANTED**. On or before February 8, 2012, Plaintiff shall provide full, complete, and signed responses to Defendant's First Set of Interrogatories and Requests for Production of Documents, and shall confer with Defendant's counsel regarding scheduling his deposition. It is further

**ORDERED** that, no later than February 15, 2013, Defendant shall file a Status Report advising whether it has received from Plaintiff complete discovery responses and a good-faith conferral regarding scheduling his deposition, as well as an accounting of its attorney's fees and expenses related to filing its Motion to Compel. Plaintiff may file a response to Defendant's accounting no later than March 1, 2013.

**Plaintiff is further ADVISED** that Rule 37(b)(2)(A) states: "If a party . . . fails to obey an order to provide or permit discovery . . . the court where the action is pending may issue further just orders. They may include . . . (v) dismissing the action or proceeding in whole or in part . . . ." *See also Ehrenhaus v. Reynolds,* 965 F.2d 916, 920-21 (10th Cir. 1992).

In *Ehrenhaus*, the Tenth Circuit affirmed a district court's imposition of an order dismissing the plaintiff's complaint with prejudice as a sanction under Rule 37. *Id*. A trial court considering Rule 37 sanctions "should ordinarily" consider various criteria "on the record" prior to dismissing a complaint. *Id*. These criteria include: "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; . . . (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions." *Id*. (internal citations omitted).

The court notes that the Scheduling Conference in this matter had to be reset because Plaintiff failed to provide any input into the proposed Scheduling Order. (*See* Doc. Nos. 20 n.1; 21; & 23.) Should Plaintiff to choose to directly disobey this order or any other responsibilities, this court will recommend to the District Court, <u>without further notice</u>, that this case be dismissed with prejudice pursuant to *Ehrenhaus* and Fed. R. Civ. P. 37(b)(2)(A)(v).

Dated this 29th day of January, 2013.

BY THE COURT:

*[signature]*

Kathleen M. Tafoya
United States Magistrate Judge

4