IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 12–cv–01430–WJM–KMT

SCOTT JANKOVIC,

    Plaintiff,

v.

EXELIS, INC., f/k/a ITT SYTEMS CORPORATION,

    Defendant.

**ORDER**

This matter is before the court pursuant to this court's Order dated January 29, 2013 [Doc. No. 38] ("Order") and the "Accounting of Defendant's Attorney's Fees and Expenses Related to Filing Defendant's Motion to Compel" [Doc. No. 39] ("Accounting"). As a result of Plaintiff's failure to participate in the discovery process, the Defendant incurred costs associated with bringing a motion to compel forward. Once the motion to compel was filed, the Plaintiff failed to respond to that as well. After considering Plaintiff's behavior, the court ordered the Plaintiff to respond to discovery and awarded Defendant its costs and fees incurred in bringing the motion. (Order at 3.)

Pursuant to the Order, on February 6, 2013, the Defendant submitted its Accounting. Defendant provided documentation that it had incurred $1,105.00 in fees related to filing the Motion to Compel, consisting of attorney's fees for 2.3 hours at $430/hour ($989.00) and

paralegal's fees for .8 hours at $145/hour ($116.00), attaching as Exhibit A the Declaration of Glenn Schlabs.  (Accounting at 2.).  Before this court could review the submission of Defendant to determine the reasonableness of the fees and costs incurred, the Plaintiff, on March 19, 2013, filed a motion to dismiss which was granted by the District Court the same day. [Doc. Nos. 51 and 52.]  Since, at the time the action was dismissed, the Order imposing the award of fees and costs had already entered and since the only remaining issue is the reasonableness of the amount submitted, it is appropriate for this court to confirm the award now even though the case is closed.

In *Robinson v. City of Edmond,* 160 F.3d 1275 (10th Cir.1998), the Tenth Circuit reviewed the approach to be used in calculating an award of attorney's fees, stating

> To determine the reasonableness of a fee request, a court must begin by calculating the so-called "lodestar amount" of a fee, and a claimant is entitled to the presumption that this lodestar amount reflects a "reasonable" fee. The lodestar calculation is the product of a number of attorney hours "reasonably expended" and a "reasonable hourly rate."

*Id.* at 1281.  The analysis has two components: first, whether the hours billed "were 'necessary' under the circumstances," *id*.; and second, whether the hourly rate charged "is the prevailing market rate in the relevant community."  *Guides, Ltd. v. Yarmouth Group Property Mgmt., Inc*., 295 F.3d 1065, 1078 (10th Cir.2002).

Defendant's attorney, Glenn H. Schlabs, spent 2.3 hours in preparing the motion to compel.  This court finds that the total number of attorney hours claimed in connection with the motion to compel are reasonable and were necessary under the circumstances and were the hours actually billed to the client.  Similarly, this court concludes that the hourly rate, $430.00 per

hour, charged by Mr. Schlabs is reasonable and comes within the prevailing rate in the Colorado area for attorneys of similar experience.  Mr. Schlabs is a member of the Colorado, Nevada and Texas Bars, and has extensive experience in employment and labor law, defending his clients in that area in judicial and administrative forums, for more than 35 years.  (Aff. of Glenn H. Schlabs, Ex. A, Doc. No. 39-1.)  He is an equity member in Sherman & Howard, L.L.C., has been listed among the Best Lawyers In America in Labor and Employment Litigation, and appears regularly in the state and federal courts in Colorado, Nevada, and Texas.  (*Id.*)  He graduated with honors from the University of Texas School of Law, and holds an L.L.M. in Labor Law from Cornell University.  (*Id.*)  Mr. Schlabs delegated the collation of the documents and the research regarding the facts supporting the motion to his paralegal, whose rate is reasonable for paralegals in Colorado and whose time, less than one hour, was also reasonable.

   Therefore it is **ORDERED**

   1.   The amount of $1,105.00 is hereby awarded to Defendants and against Plaintiff in accordance with the court's January 29, 2013 Order [Doc. No. 38].

   Dated this 17th day of April, 2013.

BY THE COURT:

_____
Kathleen M Tafoya
United States Magistrate Judge